OPINION.
{¶ 1} Charles Dameron, Jr. pleaded guilty, as charged, to raping a seventy-nine-year-old woman who had befriended him. He was sentenced to seven years imprisonment and designated a sexual predator. On appeal, he asserts that the sexual predator designation was not supported by clear and convincing evidence.
 {¶ 2} Dameron first contends that the designation was not supported by clear and convincing evidence because Thomai Bessler, the probation officer who completed the House Bill 180 Screening Instrument, concluded that Dameron should be classified as a sexually oriented offender, a less serious designation. Ms. Bessler and Kim Stookey, PhD, a clinical psychologist, both testified for the State on the question of how Dameron should be classified. Dr. Stookey did not render an opinion on the ultimate issue of how Dameron should be classified, but only as to how the R.C. 2950.09(B)(2) factors, as applied to this case, and other factors might be considered in making the judicial determination of how Dameron should be classified. Based on Dr. Stookey's testimony, and the differing professional experience of these two witnesses, it was reasonable for the trial court to find that Dr. Stookey's testimony — upon which the trial court solely relied — was clear and convincing evidence that Dameron was likely to commit another sexually oriented offense, even though Ms. Bessler had come to a different conclusion.
 {¶ 3} Dameron next contends that his health, which, according to him, includes AIDS, his intention to receive drug treatment in prison, and his genuine remorse, make him less likely to commit another sexually oriented offense. The trial court did find Dameron's health to be a factor which lowered the risk of reoffending, despite Dr. Stookey's testimony that this would not lower the risk. We agree with the State that Dameron's past experience in treatment programs — discussed more fully below — does not bode well for his successfully completing drug treatment in prison, and it would not have been unreasonable for the court to have assigned little, if any, weight to Dameron's expression of remorse.
 {¶ 4} The balance of Dameron's appeal deals with the statutory factors. Dr. Stookey's forensic evaluation discusses each of the factors and her testimony was consistent with her written report. The trial court, at the end of the hearing, addressed each factor and the weight, if any, to be placed on that factor, based on Dr. Stookey's report and testimony.
 {¶ 5} Before discussing the trial court's treatment of the various factors, we think it is important to point out that Dr. Stookey testified that the absence of a particular factor does not mean a person is less likely to reoffend. Rather, it's a neutral phenomenon in determining whether an offender is a sexual predator. Dr. Stookey stated that the only factors that lessened the risk of reoffending were the advanced years (over 30) of an offender and successful treatment (for which she said Dameron was a poor candidate).
 {¶ 6} Dr. Stookey discussed certain statutory factors — which the court found significant — as follows:
 {¶ 7} "1) The offender's age. An offender's age has been scientifically demonstrated to predict recidivism for sexual offending such that offenders under the age of 30 are at highest risk. Because Mr. Dameron is currently 44 years old, his risk for reoffending is not increased by this factor."
 {¶ 8} The trial court, while conceding Dameron's age was a "lower risk factor" nevertheless assigned "just some or a little weight" because Dameron was 44 when he committed the rape.
 {¶ 9} "2) The offender's prior criminal record regarding alloffenses, including but not limited to, all sexual offenses. Having a prior criminal record has been scientifically demonstrated to be a strong predictor of sexual reoffending and a prior criminal record which includes a sexual offense significantly increases risk. Mr. Dameron has a lengthy criminal record but there is no indication of previous sexual offending. Regardless, Mr. Dameron's risk for reoffending is significantly increased by this factor."
 {¶ 10} The trial court found Dameron's record — which included three juvenile and four adult felony convictions and a misdemeanor soliciting conviction — to be a "higher risk factor" entitled to "greater weight."
 {¶ 11} "6) If the offender previously has been convicted of orpleaded guilty to any criminal offense, whether the offender completed anysentence imposed for the prior offense and, if the prior offense was asex offense or a sexually oriented offense, whether the offenderparticipated in available programs for sexual offenders. Scientific research has demonstrated participation in an appropriate sex offender treatment programs does reduce risk for reoffending in some cases. Additional research has suggested, however, that violent sexual offenders are particularly difficult to treat under the best of circumstances. Mr. Dameron's circumstances (and treatability) is complicated by the presence of antisocial and likely psychopathic personality traits. He also has a long demonstrated history of treatment failure for substance abuse. As such, his prognosis for success in treatment is poor."
 {¶ 12} The trial court remarked upon Dameron's unsuccessful probations.
 {¶ 13} "10) Any additional behavioral characteristic thatcontribute to the offender's conduct. Scientific research has identified several other factors which are associated with an increased risk for sexual offending. Those present and relevant in the current case are his current marital status as single, his generally unstable lifestyle, and his history of substance abuse. Further, the identification of psychopathic personality traits significantly increases his risk for recidivism.
 {¶ 14} "In summary, Mr. Charles Dameron appears to be most appropriately categorized as a Rape type of sexual offender who, as a general class of sexual offender, tends to recidivate at high rates. He is also at increased risk for recidivism because of his prior criminal record, his generally unstable lifestyle including marital status and living arrangements, and his history of substance abuse. Further, the identification of psychopathic personality traits significantly increases his risk for recidivism at the same time that it significantly diminishes his prognosis for successful treatment. Other negative treatment indicators include a lengthy history of treatment failure and the nature of his sexual offending."
 {¶ 15} The trial court found Dameron's single status and unstable lifestyle to be higher risk factors entitled to "some or little" weight. The trial court found Dameron's history of drug abuse and prior treatment failure to be a "higher risk" factor to which "greater weight" should be assigned. The trial court found Dameron's "psychopathic personality traits" to be a "higher risk" factor entitled to "some or little" weight.
 {¶ 16} Although not stated with reference to any particular statutory factor, Dr. Stookey testified and reported:
 {¶ 17} "Mr. Dameron appears to be most appropriately categorized as a Rape type of offender. Recidivism rates cited in the scientific literature for such offenders range from 35 to over 50%."
 {¶ 18} The trial court found this to be a "higher risk factor" entitled to "greater weight."
 {¶ 19} In our judgment, the trial court reasonably determined from the testimony and documentary evidence that there was clear and convincing evidence that Dameron was likely to commit another sexually oriented offense.
 {¶ 20} The assignment of error is overruled.
 {¶ 21} The judgment will be affirmed.
BROGAN, J. and GRADY, J., concur.